**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-1627**

VANESSA FISHER,

                    Plaintiff – Appellant,

          v.

MARYLAND DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONAL
SERVICES, an agency of the State of Maryland; KATHLEEN S.
GREEN,

                    Defendants - Appellees.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  J. Frederick Motz, Senior District
Judge.  (1:10-cv-00206-JFM)

Submitted:  January 5, 2012          Decided:  January 12, 2012

Before WILKINSON, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robin R. Cockey, COCKEY, BRENNAN & MALONEY, PC, Salisbury,
Maryland, for Appellant. Douglas F. Gansler, Attorney General,
Lisa O. Arnquist, Assistant Attorney General, Pikesville,
Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Vanessa Fisher appeals the district court's order granting summary judgment on her employment discrimination claim, brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17 (2006). Fisher filed suit after she was terminated following an altercation with a fellow correctional officer. On appeal, Fisher contends that the district court erred in failing to apply the mixed-motive framework for discrimination claims and to deny Appellees' motion for summary judgment on that basis. We affirm.

We review de novo a district court's order granting summary judgment, viewing the facts and drawing reasonable inferences therefrom in the light most favorable to the nonmoving party. Bonds v. Leavitt, 629 F.3d 369, 380 (4th Cir. 2011), cert. denied, 132 S. Ct. 398 (2011). Summary judgment shall be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A district court should grant summary judgment unless a "reasonable jury could return a verdict for the nonmoving party" on the evidence presented. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An otherwise properly supported motion for summary judgment will not be defeated by the existence of some factual dispute;

2

"[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. Mere conclusory allegations and bare denials are insufficient to support the nonmoving party's case. Erwin v. United States, 591 F.3d 313, 319-20 (4th Cir. 2010).

A plaintiff may establish a claim of intentional discrimination sufficient to avoid summary judgment through two avenues: a mixed-motive framework, in which "it is sufficient for the [plaintiff] to demonstrate that the employer was motivated to take the adverse employment action by both permissible and forbidden reasons," or (2) the McDonnell Douglas[1] pretext framework, in which a plaintiff "after establishing a prima facie case of discrimination, demonstrates that the employer's proffered permissible reason for taking an adverse employment action is actually a pretext for discrimination." Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 284-85 (4th Cir. 2004). Under a mixed-motive analysis, the employee does not have to demonstrate that the prohibited discrimination was the sole motivating factor to prevail, so long as it was a motivating factor. Id. at 284. "Regardless of . . . whether [a plaintiff] proceeds under a mixed-motive or single-motive theory, '[t]he ultimate question in every

---

[1] McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

3

employment discrimination case involving a claim of disparate treatment is whether the plaintiff was the victim of intentional discrimination.'" Id. at 286 (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 153 (2000)).

Although the district court did not examine Fisher's claim under the mixed-motive framework, it did not commit reversible error. In deciding to terminate Fisher, Appellees credited four consistent reports that Fisher, with only minor provocation, violently assaulted a fellow correctional officer. Even assuming Fisher's account of the incident is accurate, she cannot succeed on a mixed-motive framework, as she failed to produce any evidence that Appellees' decision was based on race.

We thus affirm the district court's order.[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

_____

[2] We may affirm for any grounds apparent from the record. See MM ex rel. DM v. Sch. Dist. of Greenville Cnty., 303 F.3d 523, 536 (4th Cir. 2002).